```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A/S/O KESWICK PINES, INC., | CIVIL ACTION NO. 07-3010 (MLC) |
|  | **MEMORANDUM OPINION** |
| Plaintiff, |  |
| v. |  |
| RONALD HOLT, et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiff, National Fire Insurance Company of Hartford ("NFIC"), to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3, 7-6-07 Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action brought by NFIC, as subrogee of its insured, Keswick Pines, Inc. ("KPI"), against the defendants, Ronald Holt and D.S. Construction, Inc. ("DSC") to recover damages arising from an explosion (Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and NFIC (1) asserting jurisdiction under Section 1332 (Compl., at 2), and (2) bearing the burden of demonstrating jurisdiction, see McCracken v. Murphy, 129 Fed.Appx. 701, 702 (3d Cir. 2005); and

**NFIC ASSERTING** that (1) KPI suffered $378,898.97 in damages, and (2) it paid KPI "$373,898.97 representing the cost of the damages suffered by [KPI] less [KPI's] $5,000.00 deductible"

(Compl., at 3); and it appearing that the action seeks recovery of the full $378,898.97, and thus is brought on behalf of both NFIC and KPI; and it appearing that both NFIC and KPI "'own' portions of the substantive right and should appear in the litigation in their own names," and the citizenship of each must be alleged to demonstrate jurisdiction under Section 1332, <u>United States v. Aetna Cas. & Sur. Co.</u>, 338 U.S. 366, 380-81 (1949), see <u>Krueger v. Cartwright</u>, 996 F.2d 928, 931-32 (7th Cir. 1993), <u>Fed. Ins. Co. v. Your Homework, Inc.</u>, 280 F.Supp.2d 844, 845 (N.D. Ill. 2003); and

**NFIC** alleging that Holt and DSC are New Jersey citizens (Compl., at 1-2); and it appearing that KPI is a New Jersey corporation with its principal place of business in New Jersey, and thus is a New Jersey citizen, see 28 U.S.C. § 1332(c)(1);[1] and thus it appearing that KPI is not a "citizen[] of [a] different State[]" in relation to Holt and DSC, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and thus the Court advising NFIC of the intention to dismiss the

---

[1] KPI is so listed in Westlaw's "Corporate Records" library. NFIC is a citizen of Connecticut and Illinois. (Compl., at 1.)

complaint for lack of jurisdiction unless NFIC demonstrated that KPI's citizenship did not affect jurisdiction, and jurisdiction under Section 1332 exists here (OTSC, at 2-4); and

**NFIC** being advised that a dismissal would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (id. at 3), see Jaworowski v. Ciasulli, No. 05-1423, 2007 WL 1732218, at *2-*4 (3d Cir. June 18, 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**NFIC** failing to respond to the order to show cause; and thus the Court intending to grant the order to show cause and dismiss the complaint; and for good cause appearing, the Court will issue an appropriate order and judgment.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge